IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MISSION EDGE CAFÉ, INC.,<br><br>　　　　Defendant. | Case No. 21-cv-09362-CRB<br><br>**ORDER DISMISSING PLAINTIFF'S UNRUH ACT CLAIM AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

Plaintiff Brian Whitaker filed suit against Defendant Mission Edge Café, Inc. ("Mission Edge Café") for failure to provide wheelchair-accessible outside dining surfaces and door hardware in violation of the Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act ("Unruh Act"). Compl. (dkt. 1). After Whitaker moved for default judgment, Mot. for Default Judgment ("Mot.") (dkt. 20), the Court ordered Whitaker to show cause why it should not decline to exercise supplemental jurisdiction over his Unruh Act claim and why this case should not be dismissed for lack of Article III standing. Order to Show Cause ("OSC") (dkt. 22). Whitaker has since responded. Pl.'s Br. (dkt. 23); Potter Decl. (dkt. 23-1); Whitaker Decl. (dkt 23-2).

For the reasons stated below, and finding this matter suitable for resolution without oral argument pursuant to Local Civil Rule 7-1(b), the Court declines to exercise supplemental jurisdiction and DISMISSES Whitaker's Unruh Act claim sua sponte. The Court also VACATES the hearing set for October 14, 2022 and shall schedule an evidentiary hearing that will allow Whitaker the opportunity to establish Article III standing concerning his ADA claim. Accordingly, Whitaker's motion for default judgment is DENIED, without prejudice to move again on his ADA claim, should

Whitaker establish standing at the upcoming evidentiary hearing.

## I. BACKGROUND

### A. Facts

Whitaker is a quadriplegic and ADA tester who uses a wheelchair. Compl. ¶ 1; Whitaker Decl. ¶ 3. According to Whitaker, he visited Mission Edge Café in November 2021 and discovered that it did not have "wheelchair accessible outside dining surfaces in conformance with the ADA Standards" due to "[in]sufficient knee or toe clearance."[1] Compl. ¶¶ 10, 12. Whitaker also alleges that he encountered non-accessible entrance door hardware that had "a pull bar style handle that required tight grasping to operate." Id. ¶¶ 15, 17. Whitaker claims to have photographed his experience, and his counsel sent an investigator to the establishment to document the barriers he identified. Whitaker Decl. ¶ 6; Marquis Decl. (dkt. 20-5). Whitaker also allegedly plans to revisit Mission Edge Café at least once after "it is represented to him that the Restaurant and its facilities are accessible" but is currently deterred from doing so. Compl. ¶ 25; Whitaker Decl. ¶ 9. Whitaker subsequently filed this suit against Mission Edge Café under the ADA, 42 U.S.C. § 12101, et seq., and the Unruh Act, Cal. Civ. Code §§ 51–53. Compl. ¶¶ 27–39.

### B. Procedural History

Whitaker filed his complaint on December 3, 2021. Compl. at 1. After Mission Edge Café failed to answer, Whitaker moved for default judgment, seeking $4,000 in damages under the Unruh Act, $4,797 in attorneys' fees and costs, and an injunction under the ADA. Mot. at 2. On September 8, 2022, the Court ordered Whitaker to show cause why it should not decline to exercise supplemental jurisdiction over his Unruh Act claim in light of Ninth Circuit precedent,[2] and why it should not dismiss his ADA claim for lack of Article III standing. OSC. Whitaker responded with a brief and declarations to

---

[1] Whitaker does not specify how many times he visited Mission Edge Café, but his declaration indicates that he went only once. See Whitaker Decl. ¶ 4 ("My claims in this case arise from my personal visit to Mission Edge Café").
[2] See Arroyo v. Rosas, 19 F.4th 1202 (9th Cir. 2021); see also Vo v. Choi, No. 20-55737, 2022 WL 4362289 (9th Cir. Sept. 21, 2022).

substantiate his experience and intent to return.  See Pl.'s Br.; Potter Decl.; Whitaker Decl.

## II.     DISCUSSION

Before deciding whether to grant default judgment, a court has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties." In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999).  An entry of judgment lacking subject matter or personal jurisdiction is void.  See id.

Because the Court declines subject matter jurisdiction over the Unruh claim and finds that Whitaker has not clearly established Article III standing to bring the ADA claim, the analysis ends here.

### A.     Supplemental Jurisdiction

After reviewing Whitaker's response to the Court's order, the Court is unconvinced that it should exercise supplemental jurisdiction over his Unruh Act claim in this case.

Federal courts may decline to exercise supplemental jurisdiction over a state law claim "in exceptional circumstances." 28 U.S.C. § 1367(c)(4).  When a "high-frequency" litigant asserts a California Unruh Act claim in federal court with an ADA claim, it may constitute an exceptional circumstance that justifies dismissal of the Unruh Act claim.  See Arroyo, 19 F.4th at 1211–14; Vo, 2022 WL 4362289, at *2–4.[3]  Such situations implicate strong federal–state comity concerns because "high-frequency" litigants can evade heightened California-law rules by filing Unruh Act claims with ADA claims in federal court.  See Vo, 2022 WL 4362289, at *4 (citing Arroyo, 19 F.4th at 1212–13).  If a court finds that such circumstances exist, it must then show that balance of the "Gibbs values" of comity, fairness, judicial economy, and convenience provides "compelling reasons for declining jurisdiction" in each case.  Id. at *5 (citing United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966)).

Whitaker argues that the concerns in Arroyo are not applicable in this case because

---

[3] The Ninth Circuit reasserted its commitment to its reasoning in Arroyo just a few weeks ago, holding in Vo v. Choi that a district court properly declined to exercise supplemental jurisdiction in a joint Unruh Act and ADA case.  See 2022 WL 4362289.

3

General Order 56, which governs ADA access cases in this District, functions like California's "high-frequency" litigant statute. Pl.'s Br. at 3–5, 7. However, the Court is unconvinced. Whitaker is a frequent filer of Unruh Act and ADA claims in federal court.[4] And as other courts have held, General Order 56 does not "address the particular concerns that motivated the California legislature to adopt heightened pleading standards for 'high-frequency litigants.'" Johnson v. Constantia Capital Ltd., 22-CV-01456-RS, 2022 WL 3925290, at *2 (N.D. Cal. Aug. 30, 2022) (citing Garcia v. Maciel, 21-CV-03743-JCS, 2022 WL 395316, at *4–5 (N.D. Cal. Feb. 9, 2022)). Thus, plaintiffs like Whitaker can still avoid state restrictions by filing Unruh Act claims in federal court. See Johnson v. Shasta Corp., 20-CV-00703-HSG-RMI, 2022 WL 789018, at *6 (N.D. Cal. Feb. 24, 2022), report and recommendation adopted, 20-CV-00703-HSG, 2022 WL 783969 (N.D. Cal. Mar. 14, 2022). As in Vo and Arroyo, the comity concerns in this case present an exceptional circumstance under 28 U.S.C. § 1367(c)(4). See Vo, 2022 WL 4362289, at *4 (citing Arroyo, 19 F.4th at 1212–13).

Whitaker also argues that fairness, economy, and convenience disfavor declining supplemental jurisdiction because litigating his claims in separate forums would duplicate work, increase costs, and risk inconsistent results. See Pl.'s Br. at 1–3. However, fairness favors declining jurisdiction because Whitaker can pursue identical remedies in state court. See Shasta, 2022 WL 789018, at *7. Judicial economy also supports declining supplemental jurisdiction because, unlike the court in Arroyo, this Court has not waited until a "very late stage" of litigation to do so. See 19 F.4th at 1214 (holding that the district court abused its discretion in declining supplemental jurisdiction over the plaintiff's Unruh Act claim after ruling on the ADA claim on summary judgment). As in Vo, the Court has not reached the merits of Whitaker's claims and therefore "sidesteps the core concern articulated in Arroyo." See 2022 WL 4362289, at *5. Finally, the comity concerns mentioned above outweigh any loss of convenience the parties may face if

---

[4] Whitaker does not challenge this point. According to CM/ECF, Whitaker has filed ninety-one such cases in this District since filing his complaint.

Whitaker refiles his claim in state court.  See, e.g., Maciel, 2022 WL 395316, at *5.

After balancing the Gibbs values in this case, the Court finds that exceptional circumstances exist that justify declining supplemental jurisdiction over Whitaker's Unruh Act claim.  See Vo, 2022 WL 4362289, at *6–7 (holding that the district court did not abuse its discretion in concluding the same).

### B.    Article III Standing

Because Whitaker has not clearly established that he in fact visited Mission Edge Café and has a genuine intent to return, the Court requires an evidentiary hearing to determine if Whitaker has Article III standing to maintain his ADA claim.

To have Article III standing, a plaintiff must demonstrate (1) that they have suffered an injury in fact, (2) that their injury is fairly traceable to a defendant's conduct, and (3) that their injury would likely be redressed by a favorable decision.  See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992).  In the ADA context, "encounters with the noncompliant barriers related to one's disability are sufficient to demonstrate an injury-in-fact for standing purposes."  Chapman v. Pier 1 Imps. (U.S.) Inc., 631 F.3d 939, 948 (9th Cir. 2011).  Where, as here, a plaintiff seeks injunctive relief, they must also establish "either that [they are] deterred from returning to the facility or that [they] intend[] to return to the facility and [are] therefore likely to suffer repeated injury."  See id. at 953.  However, if a plaintiff is "indifferent to returning" or if their "intent to return is not genuine," Article III standing requirements are not met.  See id.

As ordered by this Court, Whitaker supplied declarations from himself and his counsel to substantiate his alleged visit to Mission Edge Café and his intent to return.  Whitaker Decl.; Potter Decl.  However, substantial questions remain about the veracity of these jurisdictional claims.  Regarding his initial visit to Mission Edge Café, Whitaker largely repeats the information in his complaint, though he adds that he photographed his experience (without producing any images).[5]  See Whitaker Decl. ¶¶ 1–6.  Whitaker also

---

[5] Whitaker has submitted photographs produced by his counsel's hired investigator.  Mot. Ex. 4 (dkt. 20-6).

states that he "sometimes travel[s] to the Bay Area" and intends to revisit Mission Edge Café at least once after the alleged barriers are removed, but neither assertion sheds light on his likelihood to return to the establishment or the genuineness of his intent to return. See id. at ¶¶ 3, 9. Counsel's declaration is similarly unhelpful, as it vaguely describes the processes his firm uses to verify client visits and their intent to return, as opposed to providing details about this matter beyond speaking to Whitaker. See generally Potter Decl. Although counsel hired an investigator to document Whitaker's allegations, this also does not establish that Whitaker himself visited the establishment. See Potter Decl; Marquis Decl.; Mot. Ex. 4.

The Court requires more information before it can determine whether Whitaker has Article III standing for his ADA claim, so it shall hold an evidentiary hearing on this topic.

### III. CONCLUSION

For the foregoing reasons, the Court declines to exercise supplemental jurisdiction and DISMISSES Whitaker's Unruh Act claim sua sponte. The Court shall also schedule an in-person evidentiary hearing to allow Whitaker to sufficiently demonstrate Article III standing as to his remaining ADA claim. At this time, the Court DENIES Whitaker's motion for default judgment, without prejudice to a future motion should Whitaker establish standing at the upcoming evidentiary hearing.

IT IS SO ORDERED.

Dated: October 12, 2022

CHARLES R. BREYER
United States District Judge